# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Richard McBrayer, #235965,

                Petitioner,      Case No. 18-cv-11186

v.                                     Judith E. Levy
                                     United States District Judge

Jeremy Bush,

                                     Mag. Judge Anthony P. Patti
                Respondent.

_____/

# OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Richard Allen McBrayer ("Petitioner"), through a representative William Sim Spencer, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is incarcerated in violation of his constitutional rights. Specifically, he alleges a defect in the jurisdiction of the Michigan courts concerning his parole proceedings.

## I.    Background

In 1994, Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct in the Macomb County Circuit Court, and was

sentenced to concurrent terms of 20 to 40 years imprisonment. The Michigan Parole Board voted to grant Petitioner parole on October 15, 2015, with a projected release date of January 5, 2016. Petitioner was apparently paroled on or about that date. On May 9, 2016, the victim filed a delayed application for leave to appeal with the Macomb County Circuit Court challenging the Parole Board's decision. The circuit court granted the delayed application for leave to appeal on August 16, 2016, and reversed the Parole Board's decision on November 18, 2016. *See* Macomb Co. Cir. Ct. Dkt., Case No. 2016-001586-AP. The Michigan Court of Appeals subsequently affirmed the circuit court's decision. *In re Parole of Richard McBrayer*, No. 336084, 2017 WL 3722010 (Mich. Ct. App. Aug. 29, 2017). The Michigan Supreme Court denied leave to appeal in a standard order. *In re Parole of Richard McBrayer*, _ Mich. _, 908 N.W.2d 915 (April 3, 2018).

Petitioner, through his representative, filed this petition on April 13, 2018. He alleges that there was/is a defect in the jurisdiction of the state courts due to the failure of the victim to timely file an appeal from

the Parole Board's decision to grant Petitioner parole[1] with the circuit court and he asserts that this violates his federal due process rights. Petitioner does not indicate whether he raised this issue in the state courts – although he asserts that jurisdictional challenges may be made at any time.

## II. Discussion

A district court must undertake a preliminary review of a habeas petition promptly after filing to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as

---

[1]Petitioner cites Michigan Court Rule 7.105(A), which provides a 21-day time period for filing an application for leave to appeal with the circuit court. Michigan Court Rule 7.105(G) provides a 6-month period in which to file a late application for leave to appeal with the circuit court.

3

those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

As an initial matter, Petitioner failed to demonstrate that he exhausted his jurisdictional claim in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, a Michigan prisoner must present each issue, including federal constitutional issues, to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) (requiring habeas petitioners to present federal constitutional claims to the state court as part of the exhaustion process). The claims must be "fairly presented" to those courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims. *McMeans v.*

*Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, Petitioner makes no such showing. His jurisdiction claim is unexhausted and his habeas petition is subject to dismissal.

But, while the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). An unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Here, Petitioner brings the type of claim that should be adjudicated despite his failure to exhaust state court remedies because a habeas petitioner may not challenge a state court's jurisdiction on federal habeas review. The determination of whether a particular state court has

jurisdiction and is the proper venue to hear a case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). Federal habeas courts must defer to state courts' interpretations of state law jurisdictional issues. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001).

Petitioner asserts the state circuit court failed to comply with Michigan Court Rule 7.105. Whether or not petitioner's assertion is correct, Federal habeas relief cannot be granted for a state trial court's error in the application of state procedural law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

*Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"). Because Petitioner's claim challenges the state court's decision to exercise jurisdiction over the victim's delayed appeal of the parole board's decision, he cannot obtain federal habeas relief.

### III. Conclusion

For the reasons set forth above, Petitioner is not entitled to federal habeas relief on his jurisdictional claim, and that his petition for a writ of habeas corpus is DISMISSED.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473,

484-85 (2000). Here, Petitioner fails to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted. In addition, Petitioner is not granted leave to proceed *in forma pauperis* on appeal, as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly, the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE. Petitioner is also DENIED a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: May 22, 2018  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2018.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager